# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2020

Lyle W. Cayce
Clerk

No. 19-20333
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER ENRIQUE MELENDEZ-WISENTHAL, also known as Robert Diaz Isaguirre, also known as Luis A. Aguillar, also known as Marco Antonio Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-387-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Javier Enrique Melendez-Wisenthal appeals his conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss the indictment. Melendez-Wisenthal asserts that the indictment was invalid because the removal order was void due to a defective notice to appear that failed to specify

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the date and time for his removal hearing.  He concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but he wishes to preserve it for further review.  The Government has filed a motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha* and *Pierre-Paul*.  Alternatively, the Government requests an extension of time to file a brief.

In *Pedroza-Rocha*, we concluded that the notice to appear was not rendered deficient because it did not specify a date or time for the removal hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his underlying removal order without first exhausting his administrative remedies.  *Pedroza-Rocha*, 933 F.3d at 496-98.  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment is AFFIRMED.